IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     No. 1:18-CR-2099 WJ

JAMES HIGHFIELD,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO APPOINT CJA COUNSEL

THIS MATTER IS BEFORE THE COURT on Defendant James Highfield's Motion to Appoint CJA Counsel (**Doc. 59**). Defendant seeks counsel to assist with the merits of his compassionate release request.

As a threshold matter, "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Olden*, 296 F. App'x. 671, 674 (10th Cir. 2008). Indeed, the right to counsel extends only to the first appeal as of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). That said, by a recent Administrative Order, *see* 20-MC-00004-30, the undersigned Judge put into place a process for appointment of counsel in response to the influx of compassionate release requests courts are receiving in the wake of the COVID-19 pandemic.

Here, the Federal Public Defender asserts on Defendant's behalf that he has met the exhaustion requirements of § 3582(c)(1)(A). (*See* Doc. 59, ¶ 2). The Administrative Order requires the FPD to "certify that the defendant has fully exhausted as required by Tenth Circuit law." 20-MC-00004-30 at 2. The Court, therefore, construes the FPD's filing of the Motion to

Appoint CJA Counsel as its certification that the exhaustion requirement has been met and that Defendant may have a nonfrivolous claim for compassionate release.

Therefore, after due consideration of the Motion and Defendant's request, the Court **GRANTS** Defendant's request for appointment of counsel. The appointment of counsel shall issue by separate order. **The Clerk's Office is hereby directed to take the steps necessary to effectuate this Order**.

Once the appointment is made, **counsel should withdraw Defendant's pending *pro se* Motion (Doc. 58) and file a new motion on the Defendant's behalf**. *See* 20-MC-00004-30 at 3.

Finally, the Court notes that in granting the request for counsel, it does **not** reach the merits of Defendant's request, including a determination of whether Defendant has exhausted his administrative remedies. Accordingly, the United States is not precluded from raising any arguments, including exhaustion, in briefing on the merits.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE